UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOLIERE DIMANCHE,

     Plaintiff,

v.                                Case No:  6:25-CV-2255-JES-DNF

HEATHER   PINDER-RODRIGUEZ;
NINTH  JUDICIAL  CIRCUIT,  IN
AND   FOR   ORANGE   COUNTY,
FLORIDA;  STATE  OF  FLORIDA;
UNITED  STATES  OF  AMERICA;
CITY   OF   ORLANDO;   ORANGE
COUNTY;   LOWNDES   DRSDICK
DOSTER  KANTOR  &  REED  P.A.;
JULIA  L.  FREY;  BILL  DYMOND;
LAUREN  FREY-HAMMER;  LOU  FREY
INSTITUTE;   JAMES   WALSON;
DAVID  CARTER;  DAVID  CARTER
PSY  D.  PLLC;  EMERSON  R.
THOMPSON;   MARK   BLECHMAN;
ANDREW  EDWARDS;  RICHARD  I.
WALLSH;  MONIQUE  H.  WORRELL;
LUIS  CALDERON;  PHIL  DIAMON;
ORANGE   COUNTY   COMPTROLLER;
AMY  MERCADO;  ORANGE  COUNTY
PROPERTY   APPRAISER;   TROY
STICKLE;   TAKELA   JACKSON;
RABIH  TABBARA;  OFFICER  JOHN
DOE #1; OFFICER JOHN DOE #2;
RICHARD  CARPENTER;  OFFICER
JANE  DOE;  OFFICER  JANE  DOE
#2;  STEVE  BRENTON;  NICOLAS
LUCIANO  MONTES;  DAVID  PEREZ;
ANTONIO   VARGAS;   DEBROAH
BRADLEY;  TERRI  WILSON;  ROSE
ACOSTA;  JOHN  BEAMER;  MELISSA
GEIST;   JESSICA   LEBELLE;
TARLINKA  NUNEZ-NAVAROO;  ADAM
CORTES;   OFFICER   CORTES;
AARON  GOSS;  BRENT  FELLOWS;
DAVID  ALBAN;  OFFICER  JOHN
DOE #3; OFFICER JOHN DOE #4;
DANIEL        MANGANIELLO;

STEPHANIE HERDOCIA; MICHAEL MASSICOTTE; JOHN HUGH DYER; LAURIE NOSSAIR; RYAN SMITH; JOHN MINA; KORENE HINDS; ERIC SMITH; SALEENA SINGH; TIFFANY MOORE RUSSELL; HANNY D.; ROCHELLE K.; APRIL M. MCCONNELL; DWAIN RIVERS; CHRISTOPHER CARTY; BLAN TEAGLE; ROGER HANDBERG; GEORGE MANGRUM; ROGER J. MCDONALD; CHERYL ANDERSON; ANIL SRIVASTAVA; JANET GONZALES; SUZANNE TRIMBLE; KAYLE BORDERS; CARLOS E. MENDOZA; TIMOTHY CORRIGAN; A. JAMES CRANER; NICK SHANNIN; JUDAH MANDEL; JES-HSUN HUANG; LARRY EVANS; CHRISTOPHER GREY; CHRISTOPHER WACKES; RAYMOND DOMINIC; DAVID L. REDFEARN; MICHAEL PICCOLO; ERIC DUBOIS; JEFF ASHTON; KARISSA CHIN-DUNCAN; ANGELA ALVAREZ; KAREN WONSETLER; LORIE LUCAS; DANIEL IRICK; ESTRELLA MELIANS; KATHRYN SMITH; ALICIA L. LATIMORE; BRIAN STOKES; BILL COWLES; SHANNIN LAW FIRM P.A.; MANDEL LAW PLLC; KATHRYN SMITH LAW FIRM; WONSETLER & WEBNER P.A.; EASTWOOD COMMUNITY ASSOCIATION INC.; EXTREME MANAGEMENT TEAM; LAKEVIEW LOAN SERVICING LLC; PONDVIEW PROPERTIES; RAFAEL SALADO; REVERSE MORTGAGE FUNDING LLC; HERITAGE FLORIDA JEWISH NEWS; IDEA CAPITAL GROUP INC.; FLORIDA DEPARTMENT OF CORRECTIONS; ORANGE COUNTY SHERIFF'S OFFICE; STATE ATTORNEY'S OFFICE; and PUBLIC DEFENDER'S OFFICE,

Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's (renewed) Motion for Preliminary Injunction (Doc. #25) regarding property in Orlando that has been "withheld" and the following motions to dismiss by defendants: (1) defendant Christopher Wackes' Motion to Dismiss (Doc. #38); (2) defendants Pondview Properties, LLC's and Rafael Salado's Motion to Dismiss and Request for Judicial Notice (Doc. #50); (3) defendants Kathryn Smith Law, PLLC's and Kathryn Smith's Motion to Dismiss and Request for Judicial Notice (Doc. #51) and Amended Motion (Doc. #69) to add a Certificate that the motion is opposed; and (4) defendant Heritage Florida Jewish News' Motion to Dismiss Complaint and Objection to Misnomer[1] (Doc. #77). Plaintiff has responded to Christopher Wackes' Motion (Doc. #81).

The Court declines to take judicial notice, as requested in the motions to dismiss, at this stage of the proceedings. Two key arguments common to the motions are discussed below. The motions are due to be granted.

**A. The Verified Complaint**

The factual allegations start with a 2008 criminal conviction in the State of Florida, for which plaintiff states he was found

_____

[1] Defendant states that it is named by a fictitious name rather than the corporate entity's name, Legal Notices, LLC.

- 3 -

not guilty, but he was wrongfully imprisoned for 3,078 days. Imbedded into the Complaint are documents relating to that criminal case. (Doc. #1, ¶¶ 184-201.) From there, plaintiff jumps ahead to 2022, and a conspiracy involving a law firm in the business of estate planning opening a bank account in the name of a deceased man, Cicero B. Greenhouse, and opening a Charles Schwab bank account in the name of his terminally ill wife, Qurentia P. Throm. (Id. at 204-211.) An attorney at the firm of Lowndes, Frey, ordered the cremation of Throm when she died suddenly so it was never investigated. (Id. at 212-215.)

Plaintiff made an adverse possession claim to an abandoned residence located at 921 S. Mills Avenue that collided with the conspiracy. (Id. at 216.) Frey called Orlando police to the residence after Frey's sister "had forced entry into the residence", and plaintiff was arrested and detained. (Id. at 219-221.)

Plaintiff goes on to explain that the Orlando police have a history of killing black men, the state attorney's office has a pattern of justifying the killings, and he would have been killed during the "race-based home invasion." (Id. at 230-233, 252-260.) Plaintiff goes on to discuss the prosecution, actions taken by Wallsh and Edwards. (Id. at 273-304.) Plaintiff also includes state court judges in the conspiracy. First, Navarro, then Calderon who took over the case. (Id. at 306-328, 329-351.)

Plaintiff alleges that Geist, the Director of Court Operations for the Orange County Clerk supervised and oversaw a bond that was not discharged.    (Id. at 354-363.)    Plaintiff moves on to the "unethical conduct" of Walson, the discrimination by Diamond, Acosta, Wilson, Bradley, Collie, Mercado, Stickle, and Smith to deprive plaintiff of property, and the weaponization of law enforcement by City, Smith, Dyer, Rivers, McConnell, Carty, Mina, and Hinds.    (Id. at 364-377, 378-403, 404-423.)    Handberg was aware of the criminal enterprise and a duty to present information to the grand jury.  (Id. at 424-427.)

Plaintiff declared his candidacy for Mayor of the City of Orlando and alleges election interference.  Plaintiff alleges that Judge Irick had ties to plaintiff's political opponent.  Plaintiff suffered from privacy intrusion adding Vargas and Perez, plaintiff alleges professional misconduct by Carter, a failure to act by Worrell and Russell, an escalation of the conspiracy involving a property at 2130 Opal Drive in Orlando and defective constructive service via publication in the Heritage Florida Jewish News.  (Id. at 429, 444, 445, 447-455, 456-458, 459-462, 463-466, 467.)  Judge Ashton is pulled in as he presided over an action related to the property, Kathryn Smith as counsel for auctioneer Pondview Properties and her law firm are added for opposing an objection. (Id. at 468, 470.) Calderon is involved again regarding post-sale disbursement, who also recruited a proxy to intimidate plaintiff

about his pending Bar complaint against Judah Mandel. (Id. at 471-474.) Bar counsel Wackes dismissed the complaint. (Id. at 479.)

A third "homestead" was targeted in 2024 and is added into the long-running conspiracy. The address is 13128 Jupiter Hills Court, Orlando, Florida. This brings in Angela Alvarez, the managing agent for Extreme Management Team, property management entity for Eastwood Community Association Inc., to arrive unannounced under the pretense of a routine inspection for squatters or adverse possessors and demanding a deed. This brought in Karen J. Wonsetler, counsel for the HOA who filed a lien. When plaintiff tried to contest the lien, Ryan Smith and Orange County Comptroller employees Jane Does 1-4, obstructed the process. Mercado and the Orange County Property Appraiser's Office filed a motion for protective order to quash plaintiff's discovery requests. (Id. at 481, 483, 485, 488, 491.) Plaintiff was turned into a "vexatious litigant" by Kathryn Smith and Heather Pinder-Rodriguez in violation of plaintiff's constitutional rights despite having conflicts. (Id. at 498-505.)

The causes of action in the Verified Complaint (Doc. #1) start on page 195 of the 211-page document, and are as follows:

1. The First Cause of Action alleges that the "Individual Defendants conducted the affairs of the Ninth Judicial Circuit of Florida" through a pattern of racketeering

activity, "including but not limited to judges like Latimore and McDonald, prosecutors like Dominic and Mangrum, and public defenders like Redfearn." Plaintiff alleges that defendants caused injury to his business and property "warranting dissolution of the Ninth Judicial Circuit" pursuant to the Racketeering Influenced and Corrupt Organizations (RICO) Act. There are no specific factual allegations in the cause of action or allegations as to how each of the identified defendants violated RICO. The Court assumes the cause of action only applies to the identified parties.

2. The second cause of action brought against "All Defendants" alleges that plaintiff was kidnapped and Lowndes, Dymond, and Frey financially benefitted. Plaintiff further alleges that Montes, Doe #1, and Doe #2 kidnapped plaintiff and all defendants financially benefitted while certain defendants "received the Mills Avenue residence." All of this is brought in violation of 18 U.S.C. § 1581 and 18 U.S.C. § 1595.

3. The third cause of action alleges a violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) against all defendants. Plaintiff alleges the "unlawful taking" of his residence at 921 S. Mills Avenue. Plaintiff alleges a deceptive "act of Edwards pretending to be an assistant state attorney" and that Frey and Lowndes "tentatively controlled

police, government agencies, and judges to prevail in the property dispute," but other defendants are not identified. No factual allegations are included.

4. The fourth cause of action alleges the deprivation of rights against all defendants under 18 U.S.C. § 242, while also identifying 18 U.S.C. § 245, a statute authorizing jurisdiction over federally protected activities, and 42 U.S.C. § 3631, providing criminal punishment for civil rights violations. Plaintiff alleges that defendants collectively targeted him based on his race resulting in his forced withdrawal from an election.

5. The fifth cause of action alleges an unlawful detainer against Frey, Hamner, and Walson for the "illegal forced entry" and withholding of the residence at 921 S. Mills Avenue in violation of Fla. Stat. § 82.03, providing that a person entitled to possession of real property has a cause of action "against a person who obtained possession of that real property by forcible entry, unlawful entry, or unlawful detention and may recover possession and damages." Fla. Stat. § 82.03(1).

6. The sixth cause of action against all defendants alleges a violation of plaintiff's civil rights, 42 U.S.C. § 1983, in violation of his First, Fourth, Eighth, and Fourteenth Amendment rights under the U.S. Constitution. There are no

factual allegations as to how each defendant violated plaintiff's rights or how they did so under the color of state law.

7. The seventh cause of action is brought under The Hobbs Act, 18 U.S.C. § 1951, against all defendants for obstructing interstate commerce and committing extortion. Again, it is unclear how the criminal statute applies to anyone.

8. The eighth cause of action alleges malicious prosecution against all defendants for initiating and continuing criminal proceedings against plaintiff.

9. The ninth cause of action alleges false imprisonment against all defendants, "particularly Montes, Doe #1, and Doe #2," confined and restrained plaintiff, specifically kidnapping him on November 20, 2022.

10.   The tenth cause of action alleges intentional infliction of emotional distress against all defendants.

11.   The eleventh cause of action seeks declaratory and injunctive relief against the State of Florida, Pinder-Rodriguez, Worrell, Russell, Walker, Calderon, and the Florida Department of Corrections. Plaintiff seeks a declaration that the Florida Vexatious Litigant Law, Fla. Stat. § 68.093, is unconstitutional as applied and that the 7-year adverse possession statutes, Fla. Stat. § 95.16, §

95.18, are unconstitutional as applied to homestead claimants.

12.    The twelfth cause of action seeks a declaratory judgment that allowing conflicted judges to resolve motions for their own disqualification is unconstitutional.  This cause of action is brought against the State of Florida, Pinder-Rodriguez, Navarro, Calderon, Blechman, Walker.  Plaintiff also alleges that the use of summary judgment hinders is right to a jury trial.

**B. Service of Process**

Many of the defendants indicate that they were not served with a copy of the Summons with the Complaint and the served version contains additional causes of action that are not in the filed version.  The docket reflects that Summonses were issued on January 26, 2026, approximately two months after the Complaint was filed.  (Doc. #28.)

"A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  Fed. R. Civ. P. 4(c)(1).  Defendants seek a dismissal for the improper service of process.  The motions will be granted without prejudice. Turner v. United States, 203 F. App'x 952, 954 (11th Cir. 2006)

(dismissal *without* prejudice warranted as no evidence of willfulness).

### C. Failure to State a Claim

Several of the motions to dismiss provide this helpful summary of plaintiff's Verified Complaint (Doc. #1):

> Plaintiff initiated this action against approximately 120 different Defendants, many of whom (a) are members of the judiciary and/or members of the Florida Bar, law firms, law enforcement officers or agencies, municipalities, or agencies thereof, and whom in many cases (b) have no relationships between them; and (c) have never communicated with each other concerning the spurious allegations that are the subject of this litigation. More specifically, Plaintiff filed herein a 12-count, 540-paragraph, 212-page Complaint, naming as defendants what appears to be every person, entity, agency, state, city, and government (including the United States of America) that have ever had any fleeting involvement in his life for the past eighteen (18) years. Each count of the Complaint alleges similar atrocities under varying purported theories such as RICO, FDUTPA, civil rights violations, malicious prosecution, intentional infliction of emotional distress and others.

(Doc. #50, pp. 4-5; Doc. #51, p. 5; Doc. #69, p. 5.) A significant issue that prevents the case from moving forward is that the Complaint is a shotgun pleading and must be dismissed.

"A complaint is a shotgun pleading if it contains pervasive conclusory and immaterial facts not obviously connected to a specific claim or asserts multiple claims without specifying who is responsible or which persons the claim is brought against."

- 11 -

Brown v. Columbus Police Dep't, No. 23-11896, 2024 WL 3451862, at *6 (11th Cir. July 18, 2024) (citing Barmapov v. Amuial, 986 f.3d 1321, 1324-25 (11th Cir. 2021)).  "A shotgun pleading makes it virtually impossible to know which allegations of fact are intended to support which claims for relief."  Id. (citing Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356 (11th Cir. 2018)).

 "Shotgun pleadings 'are flatly forbidden by the spirit, if not the letter, of these rules" because they are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked.'"  Barmapov, 986 F.3d at 1324 (citation omitted).  "They waste scarce judicial resources, 'inexorably broaden the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine the public's respect for the courts.'"  Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citation omitted).  The Eleventh Circuit has identified four types of shotgun pleadings:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is

- 12 -

guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (internal footnotes omitted).

Plaintiff did not number the causes of action and so he did not improperly incorporate preceding counts into successive counts. Plaintiff also has not clumped multiple claims into single counts. However, as to the remaining types of shotgun pleadings, plaintiff's Verified Complaint meets the requirements for dismissal, albeit without prejudice.

Plaintiff has hundreds of paragraphs of factual allegations that fail to connect to any particular cause of action. The facts are essentially a disjointed story of plaintiff's life over the last few decades with vague and immaterial facts. Plaintiff also does not clearly indicate what each defendant was responsible for in the causes of action. Lumping "all defendants" together

- 13 -

provides no notice to defendants or the Court as to what the claims are.  Plaintiff will be required to file an Amended Complaint if he wishes to proceed.  Plaintiff is cautioned that the failure to more succinctly assert his causes of action and to clarify his facts as they pertain to each named defendant will likely result in another dismissal.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Verified Complaint (Doc. #1) is **dismissed** as a shotgun pleading without prejudice to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion.  **If no Amended Complaint is filed, the case will be closed without further notice.**

2. Plaintiff's (renewed) Motion for Preliminary Injunction (Doc. #25) is **DENIED** as moot.

3. Defendant Christopher Wackes' Motion to Dismiss (Doc. #38) is **GRANTED** to the extent discussed herein.

4. Defendants Pondview Properties, LLC's and Rafael Salado's Motion to Dismiss and Request for Judicial Notice (Doc. #50) is **GRANTED** to the extent discussed herein.

5. Defendants Kathryn Smith Law, PLLC's and Kathryn Smith's Motion to Dismiss and Request for Judicial Notice (Doc. #51) is **DENIED** as moot and the Amended Motion (Doc. #69) is **GRANTED** to the extent discussed herein.

- 14 -

6. Defendant Heritage Florida Jewish News' Motion to Dismiss Complaint and Objection to Misnomer (Doc. #77) is **GRANTED** to the extent discussed herein.

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of March 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Plaintiff
Counsel of Record

- 15 -