Case 6:25-cv-02255-JES-KRH   Document 160   Filed 05/18/26   Page 1 of 6 PageID 2095

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOLIERE DIMANCHE,

      Plaintiff,

v.                    Case No:  6:25-CV-2255-JES-DNF

HEATHER PINDER-RODRIGUEZ;
NINTH JUDICIAL CIRCUIT, IN
AND FOR ORANGE COUNTY,
FLORIDA; STATE OF FLORIDA;
UNITED STATES OF AMERICA;
CITY OF ORLANDO; ORANGE
COUNTY; LOWNDES DRSDICK
DOSTER KANTOR & REED P.A.;
JULIA L. FREY; BILL DYMOND;
LAUREN FREY-HAMMER; LOU
FREY INSTITUTE; JAMES
WALSON; DAVID CARTER; DAVID
CARTER PSY D. PLLC; EMERSON
R. THOMPSON; MARK BLECHMAN;
ANDREW EDWARDS; RICHARD I.
WALLSH; MONIQUE H. WORRELL;
LUIS CALDERON; PHIL DIAMON;
ORANGE COUNTY COMPTROLLER;
AMY MERCADO; ORANGE COUNTY
PROPERTY APPRAISER; TROY
STICKLE; TAKELA JACKSON;
RABIH TABBARA; OFFICER JOHN
DOE #1; OFFICER JOHN DOE
#2; RICHARD CARPENTER;
OFFICER JANE DOE; OFFICER
JANE DOE #2; STEVE BRENTON;
NICOLAS LUCIANO MONTES;
DAVID PEREZ; ANTONIO
VARGAS; DEBROAH BRADLEY;
TERRI WILSON; ROSE ACOSTA;
JOHN BEAMER; MELISSA GEIST;
JESSICA LEBELLE; TARLINKA
NUNEZ-NAVAROO; ADAM CORTES;
OFFICER CORTES; AARON GOSS;
BRENT FELLOWS; DAVID ALBAN;
OFFICER JOHN DOE #3;
OFFICER JOHN DOE #4; DANIEL
MANGANIELLO; STEPHANIE
HERDOCIA; MICHAEL

MASSICOTTE; JOHN HUGH DYER; LAURIE NOSSAIR; RYAN SMITH; JOHN MINA; KORENE HINDS; ERIC SMITH; SALEENA SINGH; TIFFANY MOORE RUSSELL; HANNY D.; ROCHELLE K.; APRIL M. MCCONNELL; DWAIN RIVERS; CHRISTOPHER CARTY; BLAN TEAGLE; ROGER HANDBERG; GEORGE MANGRUM; ROGER J. MCDONALD; CHERYL ANDERSON; ANIL SRIVASTAVA; JANET GONZALES; SUZANNE TRIMBLE; KAYLE BORDERS; CARLOS E. MENDOZA; TIMOTHY CORRIGAN; A. JAMES CRANER; NICK SHANNIN; JUDAH MANDEL; JES-HSUN HUANG; LARRY EVANS; CHRISTOPHER GREY; CHRISTOPHER WACKES; RAYMOND DOMINIC; DAVID L. REDFEARN; MICHAEL PICCOLO; ERIC DUBOIS; JEFF ASHTON; KARISSA CHIN-DUNCAN; ANGELA ALVAREZ; KAREN WONSETLER; LORIE LUCAS; DANIEL IRICK; ESTRELLA MELIANS; KATHRYN SMITH; ALICIA L. LATIMORE; BRIAN STOKES; BILL COWLES; SHANNIN LAW FIRM P.A.; MANDEL LAW PLLC; KATHRYN SMITH LAW FIRM; WONSETLER & WEBNER P.A.; EASTWOOD COMMUNITY ASSOCIATION INC.; EXTREME MANAGEMENT TEAM; LAKEVIEW LOAN SERVICING LLC; PONDVIEW PROPERTIES; RAFAEL SALADO; REVERSE MORTGAGE FUNDING LLC; HERITAGE FLORIDA JEWISH NEWS; IDEA CAPITAL GROUP INC.; FLORIDA DEPARTMENT OF CORRECTIONS; ORANGE COUNTY SHERIFF'S OFFICE; STATE ATTORNEY'S OFFICE; and PUBLIC DEFENDER'S OFFICE,

Defendants.

- 2 -

**OPINION AND ORDER**

This matter comes before the Court on review of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. #158) filed on May 14, 2026. In his Motion, Plaintiff asks the Court to enjoin enforcement of a Final Judgment of Possession of certain property (the "Property") entered against Plaintiff by the Ninth Judicial Circuit Court of Florida (the "state court") and enforcement of a filing bar entered against Plaintiff in the same unlawful detainer proceeding. (Id. at p. 158.)

"The federal courts are not a forum for appealing state court decisions." Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–86 (1983)). The Rooker-Feldman doctrine also prohibits "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009). The doctrine "bars all appeals of state court judgments—whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else." Behr v. Campbell, 8 F.4th 1206, 1211 (11th Cir. 2021).

Plaintiff asserts that the Rooker-Feldman doctrine does not apply in this case because he "does not seek review of the state court judgment, but rather seeks to prevent its future enforcement

- 3 -

through an independent federal civil rights claim."  (Doc. #158 at p. 4.)  Plaintiff is correct that Rooker-Feldman does not block claims that "'require some reconsideration of a decision of a state court' if the plaintiff presents 'some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'" Efron v. Candelario, 110 F.4th 1229, 1235 (11th Cir. 2024), cert. denied, 145 S. Ct. 1958 (2025) (citing Behr, 8 F.4th at 1210).  But where, as here, plaintiff seeks relief from an injury directly "caused by the judgment itself," Rooker-Feldman applies.  Efron, 110 F.4th at 1235.

"'The question isn't whether the whole complaint seems to challenge a previous state court judgment, but whether resolution of each individual claim requires review and rejection of a state court judgment.'"  Id. at 1236 (quoting Behr, 8 F.4th at 1213.) The instant Motion "tick[s] all the Rooker-Feldman boxes."  Id. at 1237.  To enjoin the writ of possession and filing bar against Plaintiff would require the Court to review and reject the State Court judgments, which the Court lacks jurisdiction to do.

Even if the Court had jurisdiction to entertain Plaintiff's request for a restraining order or injunctive relief, it would decline to do so.  Although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them[,]" see Col. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), "'virtually' is not 'absolutely,' and in exceptional cases federal courts may and should withhold equitable

- 4 -

relief to avoid interference with state proceedings." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).  The Younger[1] Doctrine "'requires a federal court to abstain where a plaintiff's federal claims could be adjudicated in a pending state judicial proceeding.'" Leonard v. Alabama State Bd. of Pharmacy, 61 F.4th 902, 907 (11th Cir. 2023) (quoting Deakins v. Monaghan, 484 U.S. 193, 202 (1988)).

Plaintiff asserts that "[t]he documented facts here establish bad faith and extraordinary circumstances that take this case squarely outside Younger."  (Doc. #158 at p. 4.)  To invoke the bad faith exception, a plaintiff must show harassment in response to the exercise of his or her constitutional rights, or that charges were brought "without a reasonable expectation of obtaining a valid conviction."  See Leonard, 61 F.4th at 911-912. None of the facts Plaintiff points to meet this exemption.

Additionally, to be entitled to a temporary restraining order or injunctive relief, a plaintiff must show that he has a substantial likelihood of success on the merits.  See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) ("[T]he four factors to be considered in determining whether temporary restraining or preliminary injunctive relief is to be granted, which are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that

---

[1] See Younger v. Harris, 401 U.S. 37 (1971).

irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.") Plaintiff has not shown a substantial likelihood of success on the merits on any of his claims.

Accordingly, it is hereby

**Ordered:**

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. #158) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of May 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record

- 6 -