UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOLIERE DIMANCHE,

       Plaintiff,

v.                                Case No:  6:25-CV-2255-JES-DNF

HEATHER    PINDER-RODRIGUEZ;
NINTH  JUDICIAL  CIRCUIT,  IN
AND    FOR    ORANGE    COUNTY,
FLORIDA;  STATE  OF  FLORIDA;
UNITED   STATES   OF   AMERICA;
CITY   OF   ORLANDO;   ORANGE
COUNTY;    LOWNDES    DRSDICK
DOSTER  KANTOR  &  REED  P.A.;
JULIA  L.  FREY;  BILL  DYMOND;
LAUREN  FREY-HAMMER;  LOU  FREY
INSTITUTE;    JAMES    WALSON;
DAVID   CARTER;   DAVID   CARTER
PSY  D.  PLLC;  EMERSON  R.
THOMPSON;    MARK    BLECHMAN;
ANDREW  EDWARDS;  RICHARD  I.
WALLSH;  MONIQUE  H.  WORRELL;
LUIS  CALDERON;  PHIL  DIAMON;
ORANGE   COUNTY   COMPTROLLER;
AMY  MERCADO;  ORANGE  COUNTY
PROPERTY    APPRAISER;    TROY
STICKLE;    TAKELA    JACKSON;
RABIH  TABBARA;  OFFICER  JOHN
DOE #1; OFFICER JOHN DOE #2;
RICHARD   CARPENTER;   OFFICER
JANE  DOE;  OFFICER  JANE  DOE
#2;  STEVE  BRENTON;  NICOLAS
LUCIANO  MONTES;  DAVID  PEREZ;
ANTONIO    VARGAS;    DEBROAH
BRADLEY;  TERRI  WILSON;  ROSE
ACOSTA;  JOHN  BEAMER;  MELISSA
GEIST;    JESSICA    LEBELLE;
TARLINKA  NUNEZ-NAVAROO;  ADAM
CORTES;    OFFICER    CORTES;
AARON  GOSS;  BRENT  FELLOWS;
DAVID  ALBAN;  OFFICER  JOHN
DOE #3; OFFICER JOHN DOE #4;
DANIEL           MANGANIELLO;
STEPHANIE  HERDOCIA;  MICHAEL

MASSICOTTE; JOHN HUGH DYER; LAURIE NOSSAIR; RYAN SMITH; JOHN MINA; KORENE HINDS; ERIC SMITH; SALEENA SINGH; TIFFANY MOORE RUSSELL; HANNY D.; ROCHELLE K.; APRIL M. MCCONNELL; DWAIN RIVERS; CHRISTOPHER CARTY; BLAN TEAGLE; ROGER HANDBERG; GEORGE MANGRUM; ROGER J. MCDONALD; CHERYL ANDERSON; ANIL SRIVASTAVA; JANET GONZALES; SUZANNE TRIMBLE; KAYLE BORDERS; CARLOS E. MENDOZA; TIMOTHY CORRIGAN; A. JAMES CRANER; NICK SHANNIN; JUDAH MANDEL; JES-HSUN HUANG; LARRY EVANS; CHRISTOPHER GREY; CHRISTOPHER WACKES; RAYMOND DOMINIC; DAVID L. REDFEARN; MICHAEL PICCOLO; ERIC DUBOIS; JEFF ASHTON; KARISSA CHIN-DUNCAN; ANGELA ALVAREZ; KAREN WONSETLER; LORIE LUCAS; DANIEL IRICK; ESTRELLA MELIANS; KATHRYN SMITH; ALICIA L. LATIMORE; BRIAN STOKES; BILL COWLES; SHANNIN LAW FIRM P.A.; MANDEL LAW PLLC; KATHRYN SMITH LAW FIRM; WONSETLER & WEBNER P.A.; EASTWOOD COMMUNITY ASSOCIATION INC.; EXTREME MANAGEMENT TEAM; LAKEVIEW LOAN SERVICING LLC; PONDVIEW PROPERTIES; RAFAEL SALADO; REVERSE MORTGAGE FUNDING LLC; HERITAGE FLORIDA JEWISH NEWS; IDEA CAPITAL GROUP INC.; FLORIDA DEPARTMENT OF CORRECTIONS; ORANGE COUNTY SHERIFF'S OFFICE; STATE ATTORNEY'S OFFICE; and PUBLIC DEFENDER'S OFFICE,

                Defendants.

- 2 -

## <u>OPINION AND ORDER</u>

This matter comes before the Court on review of the file.  On March 19, 2026, the Court issued an Opinion and Order (Doc. #95) noting a failure to serve process with a copy of the Complaint and dismissing the Verified Complaint as a shotgun pleading without prejudice to amending without lumping all defendants together.  On April 1, 2026, plaintiff filed an Amended Complaint (Doc. #119). In response, defendants filed motions to dismiss arguing that the Amended Complaint remains a shotgun pleading, that it is barred under various theories of immunity or res judicata or preclusion principles, for judicial notice of previous court proceedings, and/or on the merits.  (Docs. ## 122, 125, 130, 137, 139, 175, 176, 178[1], 188, 198, 210, 212, 218, 224, 227, 230.)  Plaintiff filed Responses to all the motions that are ripe.  (Docs. ## 136, 134, 142, 144, 141, 220, 221, 222, 232, 223, 233, respectively.) Plaintiff has not yet responded to five of the motions.  (Docs. ## 210, 218, 224, 227, 230.)  Also before the Court are two motions by plaintiff seeking additional time to serve process and two motions to quash or dismiss for improper service of process. (Docs. ## 131, 149, 172, 181.)  Responses were filed to the latest request for additional time to serve.  (Docs. ## 211, 219.)

---

[1] The motion filed by Lakeview Loan Servicing LLC is the only motion that did not raise pleading deficiencies and focused on the failure to state a claim.

Plaintiff also filed a Motion for Leave to File a Supplemental Complaint (Doc. #217).

The Court declines to take judicial notice at this stage of the proceedings.  The motions to dismiss are due to be granted for failure to comply with Federal Rule of Civil Procedure 8(a).  The Court will allow additional time to serve process as articulated below.

**A. Motions to Dismiss**

The Amended Complaint consists of 296 pages, over 700 paragraphs, and 24 counts regarding an alleged "17-year conspiracy orchestrated by the State of Florida and its agents…."

"A complaint is a mechanism to fairly, precisely, directly, soberly, and economically inform the defendants — in a professionally constrained manner consistent with the dignity of the adversarial process in an Article III court of the United States — of the nature and content of the claims."  Trump v. New York Times Co., 800 F. Supp. 3d 1297, 1299 (M.D. Fla. 2025).  For a pleading to state claims for relief, it "must contain: **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R.

- 4 -

Civ. P. 8(a).  "'At the pleading stage,' all a plaintiff must do is provide a 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp., 147 F.4th 1341, 1348 (11th Cir. 2025) (citation omitted).  "Put another way, 'we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In this case, there is nothing short or plain about a pleading that is more than 200 pages in length and longer than the original complaint that was dismissed as a shotgun pleading.  Plaintiff need not plead the entire case in the pleading.  "The point is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Harrison v. Benchmark Elecs. Huntsville, Inc., 593 F.3d 1206, 1214 (11th Cir. 2010) (citations omitted).  Plaintiff will be permitted to amend but required to limit the second amended complaint to 50 pages in length.  This will also be the last opportunity to amend.

**B. Service of Process**

Some of the defendants seek to quash service as improper or to dismiss on the basis of a lack of personal jurisdiction.  The Court previously addressed one of the issues – the served pleading was different than the filed pleading.  Another issue the Court notes that was waived by most defendants by appearing through a

- 5 -

motion to dismiss is that plaintiff has executed the Returns of Service himself despite the requirement that service be executed by "[a]ny person who is at least 18 years old *and not a party* may serve a summons and complaint."  Fed. R. Civ. P. 4(c)(2) (emphasis added).  The motions to quash will be granted.

The Court will permit additional time to serve any remaining unserved defendants, including the Florida Judicial Qualifications Commission, Blan Teagle, and Lisa Munyon, for whom service was quashed.  This will be the last opportunity provided.  The Court will not grant leave to serve defendants by e-mail as such service would not comply with Fed. R. Civ. P. 4.

Accordingly, it is hereby

**ORDERED:**

1. The following motions to dismiss, Docs. ## 122, 125, 130, 137, 139, 175, 176, 178, 188, 198, 212, are **GRANTED** to the extent that the Court finds that the Verified Amended Complaint fails to comply with Fed. R. Civ. P. 8(a).  The motions are otherwise denied without prejudice.

2. The following motions to dismiss are **GRANTED** for the same reason as the other motions and the Court finds that a response is not required, Docs. ## 210, 218, 224, 227, 230.

3. Plaintiff's Verified Amended Complaint (Doc. #119) is **dismissed** without prejudice to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and

- 6 -

Order.  This is the last amendment that will be permitted, and plaintiff is limited to **50 pages** in length for the amendment.

4. Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. #217) is **DENIED** as moot.

5. The motions to quash service of process, Docs. ## 131, 172, are **GRANTED**.

6. Plaintiff's requests for additional time to execute service of process, Docs. #149, 181, are **GRANTED** to the extent that service of process must be executed by a process server other than plaintiff, in compliance with Fed. R. Civ. P. 4, and must attach the Second Amended Complaint to be filed with the Court along with the Summons.  Plaintiff is **GRANTED THIRTY (30) DAYS** from the date the Second Amended Complaint is filed to serve any remaining defendants and those for whom service was quashed.  **No further extensions will be granted.**

DONE and ORDERED at Fort Myers, Florida, this ___18th___ day of June 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff

Counsel of Record