UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOLIERE DIMANCHE,

Plaintiff,

Case No. 6:25-cv-2255-KCD-KRH

v.

HEATHER PINDER-RODRIGUEZ, NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA, AS AN ENTERPRISE; STATE OF FLORIDA, UNITED STATES OF AMERICA, CITY OF ORLANDO, ORANGE COUNTY, LOWNDES DROSDICK DOSTER KANTOR & REED P.A., JULIA L. FREY, BILL DYMOND, LAUREN FREY-HAMNER, LOU FREY INSTITUTE, JAMES WALSON, DAVID CARTER, DAVID CARTER PSY D. PLLC, EMERSON R. THOMPSON, MARK BLECHMAN, ANDREW EDWARDS, RICHARD I. WALLSH, MONIQUE H. WORRELL, LUIS CALDERON, PHIL DIAMOND, ORANGE COUNTY COMPTROLLER, AMY MERCADO, ORANGE COUNTY PROPERTY APPRAISER, TROY STICKLE, TAKELA JACKSON, RABIH TABBARA, OFFICER JOHN DOE #1, OFFICER JOHN DOE #2, RICHARD CARPENTER, OFFICER JANE DOE, OFFICER JANE DOE #2, STEVE BRENTON, NICOLAS LUCIANO MONTES, DAVID PEREZ, ANTONIO

VARGAS, TERRI WILSON, ROSE ACOSTA, JOHN BEAMER, MELISSA GEIST, JESSICA LEBELLE, TARLIKA NUNEZ-NAVARRO, ADAM CORTES, OFFICER CORTES, AARON GOSS, BRENT FELLOWS, DAVID ALBAN, OFFICER JOHN DOE #3, OFFICER JOHN DOE #4, DANIEL MANGANIELLO, STEPHANIE HERDOCIA, MICHAEL MASSICOTTE, JOHN HUGH DYER, LAURIE NOSSAIR, RYAN SMITH, JOHN MINA, KORENE HINDS, ERIC SMITH, SALEENA SINGH, TIFFANY MOORE RUSSELL, HANNY D., ROCHELLE K., APRIL M. MCCONNELL, DWAIN RIVERS, CHRISTOPHER CARTY, BLAN TEAGLE, ROGER HANDBERG, GEORGE MANGRUM, ROGER J. MCDONALD, CHERYL ANDERSON, ANIL SRIVASTAVA, JANET GONZALES, SUZANNE TRIMBLE, KAYLE BORDERS, CARLOS E. MENDOZA, TIMOTHY CORRIGAN, A. JAMES CRANER, NICK SHANNIN, JUDAH MANDEL, JEN-HSUN HUANG, LARRY EVANS, CHRISTOPHER GREY, CHRISTOPHER WACKES, DAVID L. REDFEARN, MICHAEL PICCOLO, ERIC DUBOIS, JEFF ASHTON, KARISSA CHIN-DUNCAN, ANGELA ALVAREZ, KAREN WONSETLER, LORIE LUCAS, DANIEL IRICK,

ESTRELLA MELIANS, KATHRYN SMITH, ALICIA L. LATIMORE, BRIAN STOKES, BILL COWLES, SHANNIN LAW FIRM P.A., MANDEL LAW PLLC, KATHRYN SMITH LAW FIRM, WONSETLER & WEBNER P.A., EASTWOOD COMMUNITY ASSOCIATION INC., EXTREME MANAGEMENT TEAM, LAKEVIEW LOAN SERVICING LLC, PONDVIEW PROPERTIES, RAFAEL SALADO, REVERSE MORTGAGE FUNDING LLC, IDEA CAPITAL GROUP INC., FLORIDA DEPARTMENT OF CORRECTIONS, ORANGE COUNTY SHERIFF'S OFFICE, STATE ATTORNEY'S OFFICE, PUBLIC DEFENDER'S OFFICE, JULIE S. SNEED, DEBRA BRADLEY, ANDREW BAIN, UNITED STATES MARSHALS SERVICE, RAYMOND DOMINICK, LEGAL NOTICES LLC, KATHERINE COLLIE, FLORIDA JUDICIAL QUALIFICATIONS COMMISSION,

Defendants.
_______________________________/

**ORDER**

Federal Rule of Civil Procedure 8 demands that a complaint contain a short and plain statement of the claim. That requirement is not just administrative gloss. It ensures that a defendant knows what they are being sued for. When a complaint ignores that rule by firing off allegations against

everyone in sight, we call it a "shotgun pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).[1] A few months ago, this Court dismissed Plaintiff Moliere Dimanche's 296-page complaint on precisely those grounds. We gave him one final opportunity to amend, strictly limited the new filing to 50 pages, and warned him that failure to cure the deficiencies would end the case. (Doc. 237.)

Dimanche met the page limit, but he missed the point. Coming in at 47 pages, his Second Amended Complaint simply crams the same sprawling, 28-count racketeering conspiracy into a smaller box. (Doc. 243.) It continues to lump dozens of public officials, private citizens, and government entities together without specifying who exactly did what. But the defects go well beyond the scattershot formatting. For one, the complaint throws together unconnected claims that seemingly have no business sharing the same lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits[.]"). For another, it repeatedly asks this Court to wipe away state-court judgments. But federal district courts are not appellate tribunals for unhappy state-court litigants. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). And to top it all off, the complaint demands damages from a long list of

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

judges and prosecutors—public servants who are cloaked in absolute immunity when performing their official duties.

Unsurprisingly, Defendants have not let these defects pass. Every party served has moved to dismiss or otherwise strike the complaint. (*See* Docs. 245, 246, 250, 251, 254, 257, 258, 259, 260, 264, 275, 278, 279, 282, 284.) Their arguments are generally well taken. When a plaintiff repeatedly fails to fix a shotgun pleading despite clear warnings, a district court need not sit by indefinitely. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018). Moreover, because the complaint rests on legally fatal theories—like stripping absolute immunity or circumventing state-court judgments—any further attempts to amend would be futile. Dimanche's latest complaint cannot proceed, and it is time to end this lawsuit.

## I. Background

Dimanche's latest pleading takes the reader on a seventeen-year odyssey through an alleged conspiracy reaching nearly every level of government. Accepting the factual allegations as true—as we must at this point—the story begins in 2008. Dimanche claims that after a state-court jury acquitted him of burglary and grand theft, the presiding judge fabricated a guilty verdict out of whole cloth, transmitted false commitment papers to the state prison system, and sealed the records to hide the fraud. Because of

this judicial fabrication, Dimanche says he spent 3,078 days wrongfully imprisoned.

From there, the narrative jumps a decade forward and fractures in a dozen different directions. The scene shifts to an allegedly embezzled probate estate, which somehow made Dimanche the target of an elaborate real estate heist. He claims private attorneys conspired with the Orlando Police Department to conduct a warrantless home invasion, kidnap him, and steal his adverse-possession claim to a property on South Mills Avenue. The allegations then ricochet wildly. In one breath, Dimanche accuses a separate group of defendants of rigging a foreclosure auction on a second home, and yet another group of deploying a fraudulent HOA lien to steal a third. In the next breath, he alleges that city officials unlawfully disqualified him from running for Mayor of Orlando, and that the local sheriff directed a militarized raid on his house.

And the alleged conspiracy does not stop at the state lines. The complaint pivots to accuse federal judges, clerks, and the United States Marshals Service of joining the enterprise. Dimanche alleges these federal actors tampered with electronic filing portals, forced him to plead guilty to unrelated misdemeanors, and even shut off the courthouse lights to prevent him from printing legal documents. The thread connecting these disparate events is, to put it mildly, difficult to locate. Instead of a cohesive legal claim,

the complaint presents a disjointed anthology of grievances against anyone who has crossed Dimanche's path over the last two decades.

## II. Discussion

A pleading this tangled makes it difficult to know where to begin. So the Court will focus on a few fundamental flaws. Each is fatal on its own, but collectively, they ensure this case can go no further.

First, the complaint remains an impermissible shotgun pleading. The Court previously instructed Dimanche to fix this problem. He did not. Instead, his latest filing commits the classic sin of lumping dozens of defendants together without specifying who is responsible for what. *See Weiland*, 792 F.3d at 1321-23. He also relies on sweeping, conclusory claims that have no real connection to the facts alleged. A plaintiff cannot just recite legal buzzwords and expect the court to connect the dots. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must offer enough factual meat to make the claims plausible, not just string together bare conclusions. At bottom, by mashing 28 counts against over 60 public and private actors into a single, undifferentiated enterprise, this complaint fails the basic pleading requirements of the Federal Rules of Civil Procedure.

Second, even if we could decipher who did what, the complaint improperly joins unrelated claims. Federal Rule of Civil Procedure 20 allows a plaintiff to join multiple defendants in one action only if the claims against

them arise out of "the same transaction, occurrence, or series of transactions." Fed. R. Civ. P. 20(a)(2). But a property dispute in Orlando seemingly has nothing to do with a mayoral election, which in turn has nothing to do with a 2008 criminal trial. Dimanche cannot combine a lifetime of disparate grievances into a single mega-suit. *See, e.g.*, *Ahmed v. Tony*, No. 0:24-CV-60383-JB, 2025 WL 3454764, at *5 (S.D. Fla. Sept. 10, 2025).

As best the Court can tell, Dimanche attempts to bridge these gaps by simply declaring that everything is part of one grand "conspiracy." But repeating the word conspiracy does not magically tie dozens of unrelated defendants and claims together. His allegations are entirely conclusory. Dimanche offers no factual basis—no meeting of the minds or coordinated action—to substantiate a massive plot that runs from his original criminal conviction through his campaign for mayor. *See Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy."). Merely stamping "conspiracy" across a collection of unrelated claims does not give a plaintiff a free pass around the rules of civil procedure.

Third, the complaint seeks impermissible relief. Dimanche explicitly asks this Court to declare his 2008 state-court conviction "void ab initio" and unwind various state-court property transfers and foreclosure judgments. But "federal district courts cannot review state court final judgments because

that task is reserved for state appellate courts[.]" *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "The *Rooker-Feldman* doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Efron v. Candelario*, 110 F.4th 1229, 1235 (11th Cir. 2024). If Dimanche believes the state courts erred, his remedy was to appeal, not file a new suit here. *Id.*

Finally, the complaint is replete with claims against defendants who cannot be sued. Dimanche demands damages from several state and federal judges, as well as state and federal prosecutors, for actions they allegedly took in the courtroom. That is a non-starter. Judges enjoy absolute immunity from damages suits for acts taken in their judicial capacity, no matter how erroneous, malicious, or corrupt the plaintiff claims those acts were. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). The same shield applies to prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Because these defendants are cloaked in absolute immunity for the actions alleged here, the claims against them are frivolous on their face.

The complaint here crosses the line from merely deficient to legally frivolous. While pro se pleadings are afforded significant leeway, there is a hard boundary between a clumsy complaint and a fantastical one. Dimanche is not just struggling to articulate a viable claim, he is demanding relief that no federal court can give. And he anchors these demands in a sprawling,

seventeen-year conspiracy that defies basic common sense. Adding to the problem, the complaint flouts the most basic rules of civil procedure: he has served up a classic shotgun pleading, burying more than sixty defendants under an avalanche of allegations; he has ignored the rules of joinder, cramming unrelated grievances into a single case; and to hold this sprawling mess together, he relies on nothing more than the repetitive invocation of a vast conspiracy.

Pro se plaintiffs are generally given a chance to amend when their complaint is insufficiently pled, but Dimanche has already had that chance. The Court gave him clear instructions on how to fix his earlier, 296-page filing. He responded with a complaint that doubled down on the same incurable defects. Giving him another bite at the apple would be pointless. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (identifying "repeated failure to cure deficiencies" and "futility of amendment" as valid reasons to deny leave to amend). Enough is enough. The case ends here.

For these reasons, Defendants' motions directed at the latest complaint (Docs. 245, 246, 250, 251, 254, 257, 258, 259, 260, 264, 275, 278, 279, 282, 284) are granted as set forth above. This case is **DISMISSED WITH PREJUDICE**. All other or different relief is denied as moot. The Clerk is directed to terminate any other pending motions and close the case.

**ORDERED** in Fort Myers, Florida on August 13, 2026.

Kyle C. Dudek
United States District Judge